UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON SMITH, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     vs. | )   Cause No. 3:13-CV-475 RM |
| | )   (Arising out of: 3:10-CR-107 RM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

OPINION and ORDER

Jason Smith filed his petition to vacate his conviction pursuant to 28 U.S.C. § 2255. In response, the government filed a motion to dismiss Mr. Smith's § 2255 petition as untimely and barred by the statute of limitations. Mr. Smith opposes the motion.

On January 19, 2011, a jury convicted Mr. Smith of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug transaction, in violation of 18 U.S.C. § 924(c). Mr. Smith was sentenced to 165 months' imprisonment. The court of appeals affirmed the conviction on direct appeal on January 3, 2012, United States v. Smith, 668 F.3d 427 (7th Cir. 2012), and on May 14, 2012, the Supreme Court denied Mr. Smith's petition for a writ of certiorari. Smith v. United States, 132 S.Ct. 2409 (2012).

A federal prisoner can file a petition in the court that sentenced him to vacate, set aside, or correct his sentence on the grounds that his sentence was imposed in violation of the Constitution or laws of the United States, the court didn't have jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Mr. Smith's petition alleges that he was denied effective assistance of counsel for the following reasons: a conflict of interest existed between counsel's paralegal and a member of the jury, counsel refused to offer evidence at trial that would have impeached a government witness, counsel didn't adequately prepare for trial, and counsel didn't investigate a possible violation of Batson v. Kentucky, 476 U.S. 79 (1986), during jury selection. The court, mindful of Mr. Smith's *pro se* status, reads his filings liberally. Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

The government moves to dismiss Mr. Smith's § 2255 petition as untimely. A § 2255 petition must be filed within one year of four possible dates: (1) the date the judgment of conviction becomes final; (2) if the movant was prevented from making a motion by unlawful government action, the date the obstacle is removed; (3) if the Supreme Court recognizes a new right, the date on which the right is recognized and made retroactively applicable to cases on collateral review; or (4) the date that the facts that support the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Mr. Smith's one-year time period to file his § 2255 petition could have commenced on two dates. Mr. Smith produced correspondence, two emails and a portion of a letter, from counsel's former paralegal to Mr. Smith that arguably disclosed new facts to him. The documents all relate essentially the same information - that a conflict of interest existed between counsel's paralegal and a member of the jury and counsel didn't investigate a possible Batson violation. The letter isn't dated, but the emails are dated March 23 and August 1, 2012. The one-year time period for the two related claims could commence on March 23, 2012, when Mr. Smith presumably learned the supporting facts. Alternatively, the one-year time period could begin on the date Mr. Smith's judgment of conviction became final. A judgment of conviction becomes final when the Supreme Court denies certiorari, United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000), and the Supreme Court denied Mr. Smith's petition for certiorari on May 14, 2012. The court will calculate the one-year time period from the later date of final judgment. 28 U.S.C. § 2255(f).

"[D]efendants [have] until the close of business on the anniversary date of the certiorari denial to file their habeas motion." United States v. Marcello, 212 F.3d at 1010. Mr. Smith argues that his one year deadline shouldn't have started until May 15, 2012, but offers no legal basis for this argument. Mr. Smith had until the close of business on May 14, 2013, the anniversary date of the certiorari denial, to file his § 2255 petition. A *pro se* habeas petition is deemed filed when it is delivered to the prison authorities for forwarding to the

court clerk, not when the petition is received by the clerk. Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). Mr. Smith signed his *pro se* § 2255 petition and placed it in the prison mailing system on May 15, 2013. The final page of the petition states, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year)." Mr. Smith wrote "5-15-13" in the blank. The hand-written date of execution is also "May 15TH, 2013." The envelope was postmarked in Indianapolis, Indiana on May 16, 2013. The Clerk received and filed the petition on May 20, 2013. The government contends that according to the facility in which Mr. Smith resides, regular mail is sent out the morning after it is received by prison officials. The May 16 postmark, the government argues, is consistent with Mr. Smith placing the petition in the prison mailing system on May 15. The government argues, and the court agrees, that Mr. Smith's petition was filed on May 15, 2013, one day late.

Mr. Smith argues that the time period should be tolled because circumstances out of his control made his petition late. The statute of limitations for a § 2255 motion is subject to equitable tolling "if the petitioner shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Weddington v. Zatecky, 721 F.3d 456, 464 (7th Cir. 2013) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2563 (2010)); Nolan v. United States, 358 F.3d 480, 484 (7th Cir.

2004). Mr. Smith first claims prison authorities denied him access to legal material. The government notes that Mr. Smith's initial petition didn't cite any case law or legal sources and his legal arguments were presented in his later-filed memorandum of law, so, the government concludes, he didn't need access to legal materials to file his initial petition. The court can't agree. Mr. Smith would have needed access to the law to choose and frame his initial arguments. *See* Estremera v. United States, 724 F.3d 773, 776 (7th Cir. 2013) (prisoner needs to know the law to determine whether his facts establish a good claim for collateral relief).

The government notes, too, that Mr. Smith doesn't claim that he didn't have access to the computers, the Internet, or the law library. Mr. Smith doesn't describe the legal material at issue, the length of time he was denied the material, or how the prison authorities denied him access to the material. *See* Weddington v. Zatecky, 721 F.3d 456, 464 (7th Cir. 2013) (prisoner's statement in his petition, under penalty of perjury, that prison officials confiscated his legal work, legal books, and pens and pencils for over a year created factual dispute regarding whether equitable tolling was appropriate). Mr. Smith makes this claim in his response to the government's motion to dismiss, a document that he didn't sign under penalty of perjury. The vague

allegation that he was denied access to legal material doesn't create a factual issue that extraordinary circumstances existed that warrant tolling.[1]

Mr. Smith next claims that his petition was late because the prisoner printers were out of service from May 5 through May 14 and prisoners must place mail in the prison mailing system at 10:30 a.m. The government argues that Mr. Smith doesn't claim that he didn't have access to writing materials and he could have hand-written his petition. Mr. Smith's inability to access a printer for the last ten days of the one-year time period isn't an extraordinary circumstance, but is a typical technological headache that any litigant could face. The requirement that he place the petition in the mail by 10:30 a.m. doesn't affect the petition's timeliness, which is calculated from the date he delivered the petition to the prison officials for mailing, not the date of postmark. Regardless, such a requirement is also common and not extraordinary. Mr. Smith didn't demonstrate that he diligently pursued his claim or that some extraordinary circumstance prevented him from timely filing his petition.

"Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

---

[1] A prisoner's lack of access to the law library can also be construed as an impediment to the filing of a § 2255 petition that when removed starts the statute of limitations time period pursuant to 28 U.S.C. § 2255(f)(2). Estremera v. United States, 724 F.3d 773, 776 (7th Cir. 2013). Mr. Smith's allegation isn't sufficient for the court to construe his response as making such an argument.

Mr. Smith's petition was untimely filed. Accordingly, the court GRANTS the government's motion to dismiss (Doc. No. 86), DISMISSES the petitioner's 28 U.S.C. § 2255 motion (Doc. No. 80), and DENIES the petitioner's motion to amend the § 2255 motion as moot (Doc. No. 93).

SO ORDERED.

ENTERED:  May 1, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court