UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON SMITH,                           )
                                       )
            PETITIONER,                )
                                       )
      VS.                              )        CAUSE NO. 3:13-CV-475 RM
                                       )        (ARISING OUT OF: 3:10-CR-107 RM)
UNITED STATES OF AMERICA,              )
                                       )
            RESPONDENT.                )


OPINION and ORDER

Jason Smith filed a motion asking the court to reconsider the denial of

his 28 U.S.C. § 2255 motion to vacate his sentence.[1] On January 19, 2011, a

jury convicted Mr. Smith of being a felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1), possession of crack cocaine with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of

a drug transaction, in violation of 18 U.S.C. § 924(c). Mr. Smith was sentenced

to 165 months' imprisonment. The court of appeals affirmed the conviction on

direct appeal on January 3, 2012, United States v. Smith, 668 F.3d 427 (7th

Cir. 2012), and on May 14, 2012, the Supreme Court denied Mr. Smith's

petition for a writ of certiorari. Smith v. United States, 132 S.Ct. 2409 (2012).

Mr. Smith then filed a motion to vacate pursuant to 28 U.S.C. § 2255. On

---

[1] Mr. Smith refers to the court's denial of the § 2255 motion; the court
dismissed the motion and didn't reach the merits.

motion by the government, the court dismissed Mr. Smith's § 2255 motion as untimely.

Mr. Smith seeks review of the dismissal pursuant to Federal Rule of Civil Procedure 59(e). To prevail on a motion to alter or amend a judgment brought under Rule 59(e), the movant must either present newly discovered evidence to the court or emphasize evidence already in the record that clearly establishes a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). Mr. Smith claims that the court was confused about the date that his motion was signed. The court, mindful of Mr. Smith's *pro se* status, reads his filings liberally. Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

The court concluded that Mr. Smith's petition was filed on May 15, 2013 and one day late. A *pro se* habeas petition is deemed filed when it is delivered to the prison authorities for forwarding to the court clerk, not when the clerk of the court receives the petition. Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). Mr. Smith dated his *pro se* § 2255 petition May 15, 2013 in two places on the final page. Mr. Smith wrote "5-15-13" in the blank following this statement: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year)." The hand-written date of execution that followed was also "May 15th, 2013." The envelope was postmarked in Indianapolis, Indiana on May 16, 2013. The

government maintained that the facility in which Mr. Smith resided sent out regular mail the morning after it was received by prison officials. The government thus concluded, and the court agreed, that a May 16 postmark was consistent with placement of the motion in the prison mailing system on May 15.

Mr. Smith now claims that his assistant wrote "5-15-13" in the "penalty of perjury" section, and he simply copied that date onto the next line for the date of execution. A cursory review of the handwriting, he claims, shows that the signees are different. Mr. Smith asserts that the wrong date was a clerical error. The court doesn't see the alleged obvious differences in the handwriting. Even assuming the assistant wrote "5-15-13," Mr. Smith signed and dated the § 2255 motion under penalty of perjury and declared two things: that the contents of the motion, including the date, were true and correct; and that the motion was placed in the prison mailing system on "5-15-13."

Mr. Smith also emphasizes that the letter to the clerk that accompanied his § 2255 motion was dated May 14, 2013, but the letter's date doesn't extend to the other, separate document in the envelope, particularly when the other document itself was dated.

Mr. Smith next claims that the mailroom staff of the facility where he resides stamps all legal mail with the date it is received and the stamp is typically on the back of the envelope. He asks whether the clerk has a copy of the envelope and whether the clerk is required to copy the envelope, since the

date stamp is of specific importance in timeliness situations. The clerk maintained Mr. Smith's original letter, § 2255 motion, and the envelope, which the court acquired for this review. The envelope was stamped as received ("REC'D") by the U.S. Penitentiary in Terre Haute, Indiana on May 15. A copy of the back side of the envelope has been added to the electronic copy of Mr. Smith's motion, found in Doc. No. 80.

Mr. Smith asserts that the facility's mailroom sometimes date stamps legal mail with the date on which the mail was received from the inmate and sometimes with the date the mail leaves the institution. Other than Mr. Smith's claim otherwise, all evidence points to the mailroom stamping the mail on the date it was received and to that date being May 15. Mr. Smith declared under penalty of perjury that his § 2255 petition "was placed in the prison mailing system on" May 15. The envelope was postmarked May 16, which is consistent with the mailroom receiving the letter the day before. Finally, the mailroom stamped the envelope as received on May 15. Mr. Smith's claim that the mailroom sometimes date stamps envelopes a day after receipt doesn't establish a factual error in the court's conclusion that Mr. Smith's § 2255 motion was filed on May 15, 2013.

Finally, Mr. Smith points out that the government made a similar clerical error. In its motion for extension of time to respond, the government identified the date that Mr. Smith filed his § 2255 motion to be May 13, 2013. The error is unfortunate, but it doesn't carry the weight that Mr. Smith infers. The

mistaken date was offered simply to provide background information on the case and the context of the motion; the government didn't argue that the § 2255 motion was filed on that date. More importantly, however, the government's error doesn't absolve Mr. Smith's late filing.

Although missing the deadline by one day seems minor to some, the court again notes that it must draw a line somewhere. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). The court wasn't confused about the filing date, and Mr. Smith's petition was untimely filed. Accordingly, the court DENIES Mr. Smith's motion for reconsideration (Doc. No. 98 in 3:10-CR-107 and Doc. No. 5 in 3:13-CV-475).

SO ORDERED.

ENTERED: September 9, 2014

_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court